#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### COLUMBUS DIVISION

| | |
|---|---|
| **JARREL LEE JOHNSON,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| V. : | NO. 4:22-cv-00181-CDL-MSH |
| : | |
| Warden **TRAVIS BRAGG,** *et al.*, : | |
| : | |
| **Respondents.** : | |
| : | |

### ORDER OF DISMISSAL

Petitioner Jarrel Lee Johnson, a detainee in the Marlboro County Detention Center in Bennettsville, South Carolina, has filed a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. ECF No. 1. Petitioner has also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2.

Petitioner avers that a bench trial was held on August 23, 2022 in Marlboro County, South Carolina and that he is "awaiting court orders" as to the length of his sentence. ECF No. 1 at 1. Under 28 U.S.C. § 2255, a Petitioner must be prisoner under a sentence of a federal court (not a state criminal court) and he must file his motion to vacate, set aside, or correct a federal sentence in "the court which imposed the sentence". 28 U.S.C. § 2255(a). A review of PACER reveals that this District Court has no criminal case involving the Petitioner in which a sentence has been imposed. Thus, this Court lacks jurisdiction to decide Petitioner's § 2255 motion. *See id.* If Petitioner is truly a federal prisoner convicted in a bench trial in August 2022 in a United States District Court in South Carolina, then he is directed that any 28 U.S.C. § 2255 motion must be filed in that court.

To file a § 2255 motion in a court which has never had a criminal indictment against him, like the present District Court, is futile and verges on abusive litigation.

Transferring this case to South Carolina is not appropriate because Petitioner already has several pending habeas petitions in the United States District Court of South Carolina which were initiated in that court or were transferred in from other District Courts. Accordingly, this petition is now **DISMISSED**.   In light of this order, Petitioner's motion to proceed *in forma pauperis* is also **DENIED AS MOOT**.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IFP ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1)(A).   Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S.

322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner cannot make these showings. Therefore, Petitioner is now **DENIED** a certificate of appealability. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Accordingly, Petitioner is also **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED**, this **20th** day of **December, 2022**.

                                                   S/Clay D. Land
                                                   CLAY D. LAND
                                                   U.S. DISTRICT COURT JUDGE
                                                   MIDDLE DISTRICT OF GEORGIA