IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **JARREL LEE JOHNSON,** : | |
| : | |
| Petitioner, : | |
| : | |
| V. : | |
| : | NO. 4:22-cv-00181-CDL-MSH |
| **Warden TRAVIS BRAGG,** *et al.*, : | |
| : | |
| Respondents. : | |
| _____ : | |

## ORDER

*Pro se* Petitioner Jarrel Lee Johnson, a detainee in the Marlboro County Detention Center in Bennettsville, South Carolina, filed a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. ECF No. 1. A review of Petitioner's pleading revealed that Petitioner is an inmate in South Carolina pursuant to criminal charges from a South Carolina court. *See id*. Accordingly, this Court dismissed Petitioner's action for lack of jurisdiction, denied a Certificate of Appealability, and denied any motion to proceed *in forma pauperis* on appeal. ECF No. 5. Petitioner now moves for a Certificate of Appealability. ECF No. 7. Because the Court has already denied a Certificate of Appealability (ECF No. 5), Petitioner's current motion for a Certificate of Appealability (ECF No. 7) is **DENIED** as moot.

To any extent that Petitioner requests the court to reconsider its decision denying a Certificate of Appealability, Petitioner has not shown any basis for reconsideration. When the Court dismisses a habeas petition or motion under §2255 on procedural grounds without reaching the underlying constitutional claims, as it did here, the Court should grant a

Certificate of Appealability only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Despite Petitioner's many intimations about why he believes this Court should take up this matter, Petitioner has not shown that he is a prisoner in the Middle District of Georgia or that he is being held pursuant to any federal indictment from the Middle District of Georgia. Thus, as also discussed in the dismissal of this action (ECF No. 5), this Court lacks any jurisdiction over his motion under § 2255. Accordingly. reconsideration of Petitioner's motion for a Certificate of Appealability (ECF No. 7) is also **DENIED**.

**SO ORDERED**, this 4th day of January, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA