IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JARREL LEE JOHNSON, | : |
| Petitioner, | : |
| V. | : |
| Warden TRAVIS BRAGG, *et al.*, | : NO. 4:22-cv-00181-CDL-MSH |
| Respondents. | : |

# ORDER

*Pro se* Petitioner Jarrel Lee Johnson, an inmate in the Marlboro County Detention Center in Bennettsville, South Carolina, has filed a Motion for Leave to Appeal *in forma pauperis* (ECF No. 12) following his Notice of Appeal (ECF No. 9). By Order dated December 20, 2022, the Court dismissed Petitioner's federal habeas petition for lack of jurisdiction over his claim. ECF No. 5. In that same Order, this Court denied a certificate of appealability. *See id.* On January 4, 2023, the Petitioner filed for a motion for a certificate of appealability despite the Court's previous findings. ECF No. 7. This Court again denied a certificate of appealability. ECF No. 8. Petitioner now submits a Motion for Leave to Appeal *in forma pauperis*. ECF No. 12.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

> Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>  (A) shows . . . the party's inability to pay or to give security for fees and costs;
>  (B) claims an entitlement to redress; and
>  (C) states the issues that the party intends to present on appeal.
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the district court must make two determinations when faced with an application to proceed on appeal *in forma pauperis.* First, it must determine whether the Petitioner is financially able to pay the filing fee required for an appeal.  Since September 2022, Petitioner has filed two civil rights complaints and three separate petitions with this Court.  *See Johnson v. Unnamed Respondent*, Case # 4:22-cv-133-CDL-MSH (filed Sept. 6, 2022); *Johnson v. Bragg*, Case # 4:22-cv-180-CDL-MSH (filed Nov. 22, 2022); *Johnson v. Bragg*, Case # 4:22-cv-181-CDL-MSH (filed Nov. 22, 2022); *Johnson v. Bragg*, Case # 4:22-cv-182-CDL-MSH (filed Nov. 22, 2022); *Johnson v. United States of America*, Case # 4:23-cv-12-CDL-MSH (filed Jan. 30, 2023).  Yet Petitioner has never submit a certified account statement signed by a prison official so that this Court may properly review his claims of indigency in this civil action.  In fact, despite being ordered to do so on separate occasions in other cases before this Court, Petitioner has not filed a certified account statement in any of his lawsuits filed in the Middle District of Georgia in which he has

failed to pre-pay the filing fee or where he filed a motion to proceed *in forma pauperis*. *See e.g.*, ECF No. 3 in *Johnson v. United States of America*, Case # 4:23-cv-12-CDL-MSH (filed Jan. 30, 2023); ECF No. 3 in *Johnson v. Unnamed Respondent*, Case # 4:22-cv-133-CDL-MSH (filed Sept. 6, 2022). In Petitioner's present motion, he indicates that for the past year he has received on average $550 per month through "self-employment" and "gifts". ECF No. 12 at 2. He further indicates that he owns a 2004 Chevrolet Suburban and a 2002 Ford Mercury Sable. *Id*. at 3. Thus, this Court has no legitimate basis to determine if Petitioner is unable to pay the $505.00 appellate filing fee.

Assuming arguendo that Petitioner is unable to pay the appellate filing fee, then next the Court must determine if the petitioner has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id*.; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

The law governing motions under 28 U.S.C. § 2255 is clear that any such motion must be filed in the district court in which a petitioner has been sentenced. The Court's review of the record determines that this Court has never had an indictment involving this Petitioner and thus has never handed down any sentence as to this Petitioner. As this Court previously advised Petitioner, "[t]o file a § 2255 motion in a court which has never had a criminal indictment against him, like the present District Court, is futile and verges on abusive litigation". *See* ECF No. 5 at 2. Thus, this Court has no jurisdiction to review the judgment of another district court including a South Carolina District Court. Accordingly, Petitioner's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith. Petitioner has raised no issues with arguable merit.

For all the forgoing reasons, Petitioner's application to appeal *in forma pauperis* (ECF No. 12) is **DENIED.** If Petitioner wishes to proceed with his appeal to the Eleventh Circuit, he must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 8th day of March, 2023.

                          S/Clay D. Land
                          CLAY D. LAND, JUDGE
                          UNITED STATES DISTRICT COURT